IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LANA PUCKETT, Individually and as Mother and Next Friend in Behalf of MINOR CHILD DW | § § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL NO. 5:11cv160 |
| CLARKSVILLE INDEPENDENT SCHOOL DISTRICT and | § § § | JURY DEMANDED |
| TONYA NELSON, Principal and | § § | JUDGE _____ |
| PAM BRYANT, Superintendent and | § § | |
| LADONNA CHERRY, School Board Member and | § § § | |
| STERLING DOCKINS, School Board Member and | § § § | |
| ROBERT BEADY, School Board Member and | § § § | |
| JIMMY CODEWELL, School Board Member and | § § § | |
| ANNETTE WELCH, School Board Member and | § § § | |
| BILL RAINES, School Board Member and | § § | |
| GREG LEWIS, School Board Member and | § § | |
| RANDI SAVAGE, Former Teacher | § § | |
| Defendants | § § | |

## **COMPLAINT**

Comes now Plaintiff Lana Puckett, individually and as mother and next friend in

behalf of Minor Child DW, who for her Complaint states as follows:

**I**

## Preliminary Statement

1.      Plaintiff Lana Puckett, individually and as mother and next friend of Minor Child DW, commences this action pursuant to 42 U.S.C. §1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of state law of any rights, privileges, or immunities secured by the Constitution and laws and pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq.   Specifically, Minor Child DW was sexually assaulted and otherwise sexually abused by Defendant Former Teacher Randi Savage on multiple occasions when he was 13 years old in violation of his right to privacy, right to be free from unreasonable searches and seizures, and his liberty interest guaranteed to him by the United States Constitution.

2.      Plaintiff Lana Puckett, individually and as mother and next friend in behalf of Minor Child DW also asserts pendent state law claims against Defendant Former Teacher Randi Savage based on assault and battery.

3.      Plaintiff seeks compensatory and punitive damages together with a reasonable attorney fee as authorized by 42 U.S.C. §1988.

**II**

## Jurisdiction

4.      Jurisdiction over Plaintiff's claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(3).   Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

5.      Plaintiff's state law claims are asserted under this Court's pendent jurisdiction as expanded by 28 U.S.C. §1367.

**III**

**Parties**

**Plaintiff/Minor Child**

6.      Plaintiff Lana Puckett and Minor Child DW are citizens of the United States and residents of Red River County, Texas.

7.      Plaintiff Puckett is the mother of Minor Child DW and is legally responsible for the medical/therapy bills incurred by Minor Child DW.

**Defendants**

8.   Defendant Clarksville Independent School District (hereafter Clarksville ISD) is located within the boundaries of the Eastern District of Texas.   It is Defendant Clarksville ISD's responsibility and duty to promulgate and implement rules and regulations providing that school children are not sexually abused.   It is also Defendant Clarksville ISD's responsibility and duty to hire, fire, discipline, train and supervise Defendant Clarksville ISD's  employees.   It is also Defendant Clarksville ISD's responsibility and duty not to act with deliberate indifference to the right of Minor Child DW not to be sexually abused by his teachers.   Finally, it is Defendant Clarksville ISD's responsibility and duty not to hire or retain school teachers with a known propensity for sexually abusing school children.

9.      Defendants LaDonna Cherry, Sterling Dockins, Robert Beady, Jimmy Codewell, Annette Welch, Bill Raines, Greg Lewis (hereafter Board Members) are all Clarksville ISD school board members and reside in Red River County, Texas.   It is Defendant Board Members' responsibility and duty to promulgate and implement rules and regulations

providing that school children are not sexually abused.  It is also Defendant Board Members' responsibility and duty to hire, fire, discipline, train and supervise Defendant Clarksville ISD's employees.  It is also Defendant Board Members' responsibility and duty not to act with deliberate indifference to the right of Minor Child DW not to be sexually abused by his teachers.   Finally, it is Defendant Board Members' responsibility and duty not to hire or retain school teachers with a known propensity for sexually abusing school children.

10.     Defendant Superintendent Pam Bryant is the school Superintendent for Defendant Clarksville ISD and resides in Red River County, Texas.   It is Defendant Superintendent Bryant's responsibility and duty to promulgate and implement rules and regulations providing that school children are not sexually abused.   It is also Defendant Superintendent Bryant's responsibility and duty to hire, fire, discipline, train and supervise Defendant Clarksville ISD's employees.  It is also Defendant Superintendent Bryant's responsibility and duty not to act with deliberate indifference to the right of Minor Child DW not to be sexually abused by his teachers.  Finally, it is Defendant Superintendent Bryant's responsibility and duty not to hire or retain school teachers with a known propensity for sexually abusing school children.

11.     Defendant Principal Tonya Nelson is the principal of the middle school for Defendant Clarksville ISD and resides in Red River County, Texas.  It is Defendant Principal Nelson's responsibility and duty to promulgate and implement rules and regulations providing that school children are not sexually abused.   It is also Defendant Principal Nelson's responsibility and duty to hire, fire, discipline, train and supervise

Defendant Clarksville ISD's  employees.  It is also Defendant Principal Nelson's responsibility and duty not to act with deliberate indifference to the right of Minor Child DW not to be sexually abused by his teachers.  Finally, it is Defendant Principal Nelson's responsibility and duty not to hire or retain school teachers with a known propensity for sexually abusing school children.

12.    Defendant Former Teacher Randi Savage is a resident of Red River County, Texas and was at all times relevant hereto a school teacher employed by Defendant Clarksville ISD.  It was her responsibility and duty to comply with the rules and regulations promulgated by Defendant Clarksville ISD and to comply with the minimum constitutional requirements, including the constitutional requirement that school children not be sexually abused.

**IV**

**Facts**

**Background**

13.    Defendant Former Teacher Savage is a sexual predator and 13 year old Minor Child DW was her prey.

14.    Defendant Former Teacher Savage resigned from the Crockett Middle School in Paris, Texas in the middle of the school year after parents complained about her inappropriate activities with school children including hanging out with students after school and posting inappropriate material on MSN Message Board.

## What Happened

15.    Defendant Former Teacher Savage sinisterly used her status as Minor Child DW's teacher to gain his trust and groomed him to be her prey, before she began sexually molesting him in the Spring of 2011.   Defendant Former Teacher Savage continued to molest Minor Child DW until Defendant Former Teacher Savage was finally suspended on May 24, 2011.

16.     Defendant Former Teacher Savage began preying on Minor Child DW through Facebook and text messages which culminated with several incidents of sexual intercourse at Defendant Former Teacher Savage's home and at the lake.

17.    Defendant Clarksville ISD had actual knowledge of Defendant Former Teacher Savage's sexual misconduct long before she was suspended.   In fact, Defendant Superintendent Bryant told Defendant Principal Nelson in late April that she had received information from an anonymous person with a blocked phone number that an inappropriate relationship was going on between Defendant Former Teacher Savage and Minor Child DW.   Defendant Superintendent Bryant also told Defendant Principal Nelson to investigate the situation.

18.    Unsurprisingly, Defendant Former Teacher Savage denied the misconduct so Defendant Principal Nelson told Defendant Superintendent Bryant that the accusation was false.

19.    Plaintiff Puckett went to the school and confronted Defendant Principal Nelson on May 9, 2011.   Plaintiff Puckett provided Defendant Principal Nelson with proof in the form of telephone text messages from Defendant Former Teacher Savage to Minor Child DW

saying that she loved him, etc..   Defendant Principal Nelson acted like she believed Plaintiff Puckett, but Defendant Principal Nelson wanted Plaintiff Puckett to shut up about the sexual abuse.   Specifically, Defendant Principal Nelson became hostile and defensive.   However, Defendant Principal Nelson did say that she would tell Defendant Former Teacher Savage to stop communicating with Minor Child DW.   Unfortunately, Defendant Principal Nelson did not suspend Defendant Former Teacher Savage or otherwise take appropriate action.

20.     Plaintiff Puckett had already communicated with Defendant Former Teacher Savage several times about leaving Minor Child DW alone before Plaintiff Puckett talked to Defendant Principal Nelson.   Defendant Former Teacher Savage claimed that she was telling Minor Child DW she loved him because he was her student.

21.     A few days after May 9th, Defendant Principal Nelson chewed out Minor Child DW for being in Defendant Former Teacher Savage's room and Defendant Principal Nelson blamed Minor Child DW in front of the other children for trying to get Defendant Former Teacher Savage fired.   It is as clear as a bell that Defendant Principal Nelson sympathized with Defendant Former Teacher Savage and that Defendant Principal Nelson wanted to keep everything hush hush.

22.     Plaintiff Puckett called Defendant Principal Nelson on May 10th and told her that she could sugar coat it anyway she wanted, but that Defendant Former Teacher Savage was messing with her son and she better get the teacher out of the school.   However, once again no action was taken.

23.     Several Defendant Board Members knew about what was going before Defendant Former Teacher Savage was suspended.   For example, Defendant Board Member

Cherry announced at the Rock of Ages Baptist Church that Minor Child DW and Defendant Former Teacher Savage were messing around **a couple of weeks before** Defendant Former Teacher Savage was suspended.   In addition, Defendant Board Member Beady discussed what was going on with others several days before Defendant Former Teacher Savage was suspended.   Finally, Defendant Superintendent Bryant told Plaintiff Puckett on May 23rd that multiple Board Members had been calling her and telling her about the accusations.

24.     Defendant Former Teacher Savage was not suspended until May 24th after Plaintiff Puckett called the local police and Texas Ranger McNeil became involved.

25.     Defendant Former Teacher Savage's sexual molestations of Minor Child DW amount to assaults and batteries.

**Clarksville ISD Liability**

26.     Defendant Clarksville ISD buried its head in the sane at all times relevant hereto.

27.     Defendant Former Teacher Savage's wrongful acts and omissions set out above were in compliance with Defendant Clarksville ISD's deficient actual policies, procedures, practices and customs which tolerate sexual abuse by school teachers.

28.     The deficient actual policies, procedures, practices and customs are proximately caused by Defendant Clarksville ISD's deliberate indifference to and conscious disregard of the constitutional rights of school children, including Minor Child DW, and Defendant Clarksville ISD's deficient actual policies, procedures, practices and customs are a proximate cause of the sexual abuse to which Minor Child DW was subjected.

29.     Defendant Clarksville ISD breached its duty to provide the individual defendants and Minor Child DW with adequate supervision.   The grossly inadequate supervision

resulted from and was caused by Defendant Clarksville ISD's deliberate indifference to Minor Child DW's right not to be subjected to sexual abuse.   Further, Defendant Former Teacher Savage and Minor Child DW received absolutely no supervision with regard to the sexual misconduct in question.   Finally, the grossly inadequate supervision is proximate causes of the sexual molestation.

30.   Plaintiff Puckett states on information and belief that Defendant Clarksville ISD failed to properly investigate Defendant Former Teacher Savage which would have revealed earlier sexual misconduct by Defendant Former Teacher Savage.   The failure to investigate is a proximate cause of the damages complained of herein.

**<u>Supervisory Liability</u>**

31.   Defendants Superintendent Bryant, Principal Nelson, School Board Members Cherry, Dockins, Beady, Codewell, Welch, Raines and Lewis buried their heads in the sand at all times relevant hereto.   Even a cursory pre-hire investigation would have revealed Defendant Former Teacher Savage's checkered past.

32.   The deficient actual policies, procedures, practices and customs are proximately caused by Defendants Superintendent Bryant, Principal Nelson, School Board Members Cherry, Dockins, Beady, Codewell, Welch, Raines and Lewis and Former Teacher Savage's deliberate indifference to and conscious disregard of the constitutional rights of school children, including Minor Child DW, and Defendant Clarksville ISD's deficient actual policies, procedures, practices and customs are a proximate cause of the sexual abuse to which Minor Child DW was subjected.

33.   Defendants Clarksville ISD, Board Members, Superintendent Bryant, and Principal Nelson breached their duty to provide Defendant Former Teacher Savage and Minor

Child DW with adequate supervision.   The grossly inadequate supervision resulted from and was caused by Defendants Clarksville ISD, Board Members, Superintendent Bryant and Principal Nelson's deliberate indifference to Minor Child DW's right not to be subjected to sexual abuse.   Further, Defendant Former Teacher Savage and Minor Child DW received absolutely no supervision with regard to the sexual misconduct in question. Finally, the grossly inadequate supervision and training are proximate causes of the sexual molestation.

34.   Defendants Clarksville ISD, Board Members and Superintendent Bryant failed to discipline Defendant Principal Nelson for her failure to properly supervise Defendant Former Teacher Savage.   Defendants Clarksville ISD, Board Members, Superintendent Bryant and Principal Nelson also failed to discipline Defendant Former Teacher Savage for her misconduct for a long time despite Defendants Clarksville ISD, Board Members, Superintendent Bryant and Principal Nelson's actual or at least constructive knowledge of Defendant Former Teacher Savage's gross misconduct.   Defendants Clarksville ISD, Board Members, Superintendent Bryant and Principal Nelson's toleration of Defendant Former Teacher Savage's misconduct is a proximate cause of the damages complained of herein.

**Damages**

35.   Minor Child DW's damages proximately caused by the defendants include loss of privacy, severe mental anguish, severe emotional distress, humiliation, embarrassment, medical/therapy bills, and psychological trauma.

36.   Plaintiff Puckett's damages proximately caused by the defendants include the loss of parental rights, severe mental anguish, severe emotional distress, humiliation and

embarrassment.   She is also responsible for Minor Child DW's medical/therapy bills while he is a minor.

37.    All of the acts and omissions of Defendant Former Teacher Savage were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff Puckett and Minor Child DW rendering appropriate the award of punitive damages.

**Miscellaneous**

38.    All defendants were acting under color of state law at all times relevant hereto.

39.    All individual defendants are sued in both their individual and official capacities.

**V**

**Causes of Action**

**Federal Causes of Action**

**First Cause of Action**

40.    Defendant Former Teacher Savage's misconduct amounts to the deprivation of a liberty interest and personal integrity recognized by the substantive due process component of the Fourteenth Amendment guaranteed to Minor Child DW by the United States Constitution for which redress is provided by 42 U.S.C. §1983.

41.    Defendants Clarksville ISD, Board Members, Superintendent Bryant, Principal Nelson are jointly and severally liable under well-established theories of governmental and supervisory liability.

42.    Defendant Former Teacher Savage's wrongful acts set out above were willful, wanton, and intentional rendering appropriate the award of punitive damages against Defendant Former Teacher Savage, in her individual capacity.

**Second Cause of Action**

43.     The facts set out above give rise to an implied cause of action for damages and declaratory relief under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq.

44.     Plaintiff sues only Defendant Clarksville ISD for violations of Title IX.

**Third Cause of Action**

45.     Defendant Former Teacher Savage's misconduct amounts to an invasion of privacy in violation of constitutional right to privacy recognized by our Supreme Court in *Griswold v. Connecticut*, 381 U.S. 479, and its progeny for which redress is provided by 42 U.S.C. §1983.

46.     Defendants Clarksville ISD, Board Members, Superintendent Bryant, and Principal Nelson are jointly and severally liable under well-established theories of governmental and supervisory liability.

47.     Defendant Former Teacher Savage's wrongful acts set out above were willful, wanton, and intentional rendering appropriate the award of punitive damages against Defendant Former Teacher Savage, in her individual capacity.

**State Cause of Action**

48.     The facts set out above give rise to state law claims of assault and battery against Defendant Former Teacher Savage.

49.     Defendant Former Teacher Savage's wrongful acts set out above were willful, wanton, and intentional rendering appropriate the award of punitive damages against Defendant Former Teacher Savage, in her individual capacity.

## VI

## Jury Demand

50.     Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE PLAINTIFF PRAYS that this Honorable Court:

a.      Enter judgment in behalf of Plaintiff Lana Puckett, individually and as mother and next friend in behalf of Minor Child DW, against Defendants Clarksville ISD, Superintendent Bryant, Principal Nelson, School Board Members Cherry, Dockins, Beady, Codewell, Welch, Raines and Lewis and Former Teacher Savage, jointly and severally, for compensatory damages in an amount sufficient to compensate Plaintiff Lana Puckett, individually and as mother and next friend, in behalf of Minor Child DW for their actual damages;

b.      Enter judgment in behalf of Plaintiff Lana Puckett, individually and as mother and next friend in behalf of Minor Child DW, against Defendant Former Teacher Randi Savage, for punitive damages in an amount sufficient to punish Defendant Former Teacher Randi Savage, for her misconduct in the case at bar and in an amount sufficient to deter Defendant Former Teacher Randi Savage and others from doing the same thing to someone else;

c.      Grant Plaintiff Lana Puckett, individually and as mother and next friend in behalf of Minor Child DW, a reasonable attorney fee against all defendants, jointly and severally, as authorized by 42 U.S.C. §1988;

d.      Grant Plaintiff Lana Puckett, individually and as mother and next friend in behalf of Minor Child DW, a trial by jury on all issues so triable; and

e.      Grant Plaintiff Lana Puckett, individually and as mother and next friend in behalf of Minor Child DW, any and all additional relief to which she may appear to be entitled including pre-judgment interest, post-judgment interest and her costs herein expended.

Respectfully Submitted,

/s/ *Curtis B. Stuckey*
Curtis B. Stuckey
Attorney in Charge for Plaintiff
Bar Card No. 19437300

Stuckey, Garrigan & Castetter Law Offices
2803 C North Street; P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 FAX: 560-9578
tonitomlin@yahoo.com